**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AMERICAN OVERSIGHT,
1030 15th Street NW, B255
Washington, DC 20005

*Plaintiff*,

v.

U.S. DEPARTMENT OF JUSTICE,
950 Pennsylvania Avenue NW
Washington, DC 20530

*Defendant*.

Case No. 20-cv-2727

**COMPLAINT**

1. Plaintiff American Oversight brings this action against the U.S. Department of Justice under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from

continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Office of Information Policy (OIP) is a component of DOJ and processes FOIA requests on behalf of itself and several other DOJ components including the Offices of the Attorney General (OAG), Deputy Attorney General (ODAG), Associate Attorney General (OASG), Legislative Affairs (OLA), and Legal Policy (OLP). DOJ has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

7. On January 16, 2020, American Oversight filed two FOIA requests with DOJ that sought, respectively and generally speaking, i) records DOJ had initially indicated were responsive to an earlier FOIA request for records reflecting communications between the Trump administration and former Justice Anthony Kennedy before determining those records were not

responsive, and ii) any document intended to convey individuals that former Justice Kennedy preferred or recommended be nominated to the Supreme Court.

*Initially Responsive Material Request*

8. On January 16, 2020, American Oversight submitted a FOIA request to DOJ seeking the following:

> The small volume of records that DOJ reported on December 20, 2019 it had "initially found to be responsive" to American Oversight's FOIA requests DOJ-2018-006451 and DOJ-2018-007115 but that "upon further review" determined not to be responsive to American Oversight's requests.
>
> DOJ's December 20, 2019 response is attached as Exhibit A for your reference. American Oversight notes that because this request seeks a small volume of material that has already been located, no search is necessary to identify these documents and this request may be appropriately assigned to the Simple processing track.

*See* Ex. 1.

9. OIP also provided information indicating that the initially responsive material was determined to be unresponsive to American Oversight because it reflected the assertions of third parties rather than communication between individuals listed within American Oversight's request (which included former Justice Kennedy) and DOJ.

10. OIP acknowledged this request on February 13, 2020 and assigned the request tracking number DOJ-2020-001863.

11. American Oversight has not received any further communications from DOJ regarding this request.

*Justice Kennedy Preferred or Recommended Nominees Request*

12. Also on January 16, 2020, American Oversight submitted a FOIA request to DOJ seeking the following:

> Any document intended to convey individuals that former Supreme Court Justice Anthony Kennedy preferred or recommended be nominated to the Supreme Court.
>
> To be clear, American Oversight does not only seek documents created by former Justice Kennedy, but also seeks documents created by other individuals (including individuals within or outside of other components of the federal government) with the intention, or apparent intention, of conveying Justice Kennedy's preferred nominees. As noted below, this request seeks records of any file type and is not limited to a request for email communications.
>
> American Oversight believes, based on publicly available information, that the following DOJ components are most likely to have responsive records: the Offices of the Attorney General (OAG), Deputy Attorney General (ODAG), Associate Attorney General (OASG), Legislative Affairs (OLA), and Legal Policy (OLP).
>
> Please provide all responsive records from January 20, 2017, through July 10, 2018.

13. OIP acknowledged this request on March 30, 2020, and assigned the request tracking number DOJ-2020-001864.

14. American Oversight has not received any further communications from DOJ regarding this request.

*Exhaustion of Administrative Remedies*

15. As of the date of this complaint, DOJ has failed to (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records DOJ intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

16. Through DOJ's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

17. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

18. American Oversight properly requested records within the possession, custody, and control of DOJ.

19. DOJ is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

20. DOJ has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

21. DOJ's failure to conduct an adequate search for responsive records violates FOIA and DOJ regulations.

22. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

23. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

24. American Oversight properly requested records within the possession, custody, and control of DOJ.

25. DOJ is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

26. DOJ is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

27. DOJ is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

28. DOJ's failure to provide all non-exempt responsive records violates FOIA and DOJ regulations.

29. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to

American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: September 24, 2020

Respectfully submitted,

/s/ Daniel A. McGrath
Daniel A. McGrath
D.C. Bar No. 1531723

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-4213
daniel.mcgrath@americanoversight.org

*Counsel for Plaintiff*

# EXHIBIT 1




January 16, 2020

**VIA ONLINE PORTAL**

Douglas Hibbard
Chief, Initial Request Staff
U.S. Department of Justice
Office of Information Policy
441 G St. NW, 6th Floor
Washington, DC 20530
Via FOIAOnline

**Re: Freedom of Information Act Request**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the implementing regulations of the U.S. Department of Justice (DOJ), 28 C.F.R. Part 16, American Oversight makes the following request for records.

**Requested Records**

American Oversight requests that DOJ produce the following records within twenty business days:

> The small volume of records that DOJ reported on December 20, 2019 it had "initially found to be responsive" to American Oversight's FOIA requests DOJ-2018-006451 and DOJ-2018-007115 but that "upon further review" determined not to be responsive to American Oversight's requests.
>
> DOJ's December 20, 2019 response is attached as Exhibit A for your reference. American Oversight notes that because this request seeks a small volume of material that has already been located, no search is necessary to identify these documents and this request may be appropriately assigned to the Simple processing track.

**Fee Waiver Request**

In accordance with 5 U.S.C. § 552(a)(4)(A)(iii) and your agency's regulations, American Oversight requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government, and the disclosures will likely contribute to a better understanding of relevant government

procedures by the general public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes.

American Oversight requests a waiver of fees because disclosure of the requested information is "in the public interest because it is likely to contribute significantly to public understanding of operations or activities of the government."[1] The public has a significant interest in understanding which government officials influence executive branch actions as significant as Supreme Court nomination decisions, which were also the subject of previous FOIA requests submitted by American Oversight. Records with the potential to shed light on this matter would contribute significantly to public understanding of operations of the federal government, including whether and to what extent a member of the judicial branch. American Oversight is committed to transparency and makes the responses agencies provide to FOIA requests publicly available, and the public's understanding of the government's activities would be enhanced through American Oversight's analysis and publication of these records.

This request is primarily and fundamentally for non-commercial purposes.[2] As a 501(c)(3) nonprofit, American Oversight does not have a commercial purpose and the release of the information requested is not in American Oversight's financial interest. American Oversight's mission is to promote transparency in government, to educate the public about government activities, and to ensure the accountability of government officials. American Oversight uses the information gathered, and its analysis of it, to educate the public through reports, press releases, or other media. American Oversight also makes materials it gathers available on its public website and promotes their availability on social media platforms, such as Facebook and Twitter.[3]

American Oversight has also demonstrated its commitment to the public disclosure of documents and creation of editorial content through numerous substantive analyses posted to its website.[4] Examples reflecting this commitment to the public disclosure of documents and the creation of editorial content include the posting of records related to an ethics waiver received by a senior Department of Justice attorney and an analysis of what those records demonstrated regarding the Department's process for issuing such waivers;[5] posting records received as part of American Oversight's "Audit the Wall" project

---

[1] 5 U.S.C. § 552(a)(4)(A)(iii).

[2] *See* 5 U.S.C. § 552(a)(4)(A)(iii).

[3] American Oversight currently has approximately 14,700 page likes on Facebook and 86,600 followers on Twitter. American Oversight, FACEBOOK, https://www.facebook.com/weareoversight/ (last visited Dec. 2, 2019); American Oversight (@weareoversight), TWITTER, https://twitter.com/weareoversight (last visited Dec. 2, 2019).

[4] *News*, AMERICAN OVERSIGHT, https://www.americanoversight.org/blog.

[5] *DOJ Records Relating to Solicitor General Noel Francisco's Recusal*, AMERICAN OVERSIGHT, https://www.americanoversight.org/document/doj-civil-division-response-noel-francisco-compliance; *Francisco & the Travel Ban: What We Learned from the DOJ Documents*, AMERICAN

to gather and analyze information related to the administration's proposed construction of a barrier along the U.S.-Mexico border, and analyses of what those records reveal;[6] posting records regarding potential self-dealing at the Department of Housing & Urban Development and related analysis;[7] posting records and analysis relating to the federal government's efforts to sell nuclear technology to Saudi Arabia;[8] and posting records and analysis regarding the Department of Justice's decision in response to demands from Congress to direct a U.S. Attorney to undertake a wide-ranging review and make recommendations regarding criminal investigations relating to the President's political opponents and allegations of misconduct by the Department of Justice itself and the Federal Bureau of Investigation.[9]

Accordingly, American Oversight qualifies for a fee waiver.

**<u>Guidance Regarding the Search & Processing of Requested Records</u>**

In connection with its request for records, American Oversight provides the following guidance regarding the scope of the records sought and the search and processing of records:

- Please search all locations and systems likely to have responsive records, regardless of format, medium, or physical characteristics.

- In conducting your search, please understand the terms "record," "document," and "information" in their broadest sense, to include any written, typed, recorded, graphic, printed, or audio material of any kind. We seek records of any kind, including electronic records, audiotapes, videotapes, and photographs, as well as letters, emails, facsimiles, telephone messages, voice mail messages and

---

OVERSIGHT, https://www.americanoversight.org/francisco-the-travel-ban-what-we-learned-from-the-doj-documents.

[6] *See generally Audit the Wall*, AMERICAN OVERSIGHT, https://www.americanoversight.org/investigation/audit-the-wall; *see, e.g.*, *Border Wall Investigation Report: No Plans, No Funding, No Timeline, No Wall*, AMERICAN OVERSIGHT, https://www.americanoversight.org/border-wall-investigation-report-no-plans-no-funding-no-timeline-no-wall.

[7] *Documents Reveal Ben Carson Jr.'s Attempts to Use His Influence at HUD to Help His Business*, AMERICAN OVERSIGHT, https://www.americanoversight.org/documents-reveal-ben-carson-jr-s-attempts-to-use-his-influence-at-hud-to-help-his-business.

[8] *Investigating the Trump Administration's Efforts to Sell Nuclear Technology to Saudi Arabia*, AMERICAN OVERSIGHT, https://www.americanoversight.org/investigating-the-trump-administrations-efforts-to-sell-nuclear-technology-to-saudi-arabia.

[9] *Sessions' Letter Shows DOJ Acted on Trump's Authoritarian Demand to Investigate Clinton*, AMERICAN OVERSIGHT, https://www.americanoversight.org/sessions-letter.

transcripts, notes, or minutes of any meetings, telephone conversations or discussions.

- Our request for records includes any attachments to those records or other materials enclosed with those records when they were previously transmitted. To the extent that an email is responsive to our request, our request includes all prior messages sent or received in that email chain, as well as any attachments to the email.

- Please search all relevant records or systems containing records regarding agency business. Do not exclude records regarding agency business contained in files, email accounts, or devices in the personal custody of your officials, such as personal email accounts or text messages. Records of official business conducted using unofficial systems or stored outside of official files are subject to the Federal Records Act and FOIA.[10] It is not adequate to rely on policies and procedures that require officials to move such information to official systems within a certain period of time; American Oversight has a right to records contained in those files even if material has not yet been moved to official systems or if officials have, by intent or through negligence, failed to meet their obligations.[11]

- Please use all tools available to your agency to conduct a complete and efficient search for potentially responsive records. Agencies are subject to government-wide requirements to manage agency information electronically,[12] and many agencies have adopted the National Archives and Records Administration (NARA) Capstone program, or similar policies. These systems provide options for searching emails and other electronic records in a manner that is reasonably likely to be more complete than just searching individual custodian files. For example, a custodian may have deleted a responsive email from his or her email program, but your agency's archiving tools may capture that email under Capstone. At the same time, custodian searches are still necessary; agencies may not have direct access to files stored in .PST files, outside of network drives, in paper format, or in personal email accounts.

---

[10] *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145, 149–50 (D.C. Cir. 2016); *cf. Judicial Watch, Inc. v. Kerry*, 844 F.3d 952, 955–56 (D.C. Cir. 2016).
[11] *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, No. 14-cv-765, slip op. at 8 (D.D.C. Dec. 12, 2016).
[12] Presidential Memorandum—Managing Government Records, 76 Fed. Reg. 75,423 (Nov. 28, 2011), https://obamawhitehouse.archives.gov/the-press-office/2011/11/28/presidential-memorandum-managing-government-records; Office of Mgmt. & Budget, Exec. Office of the President, Memorandum for the Heads of Executive Departments & Independent Agencies, "Managing Government Records Directive," M-12-18 (Aug. 24, 2012), https://www.archives.gov/files/records-mgmt/m-12-18.pdf.

- In the event some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. If a request is denied in whole, please state specifically why it is not reasonable to segregate portions of the record for release.

- Please take appropriate steps to ensure that records responsive to this request are not deleted by the agency before the completion of processing for this request. If records potentially responsive to this request are likely to be located on systems where they are subject to potential deletion, including on a scheduled basis, please take steps to prevent that deletion, including, as appropriate, by instituting a litigation hold on those records.

**Conclusion**

If you have any questions regarding how to construe this request for records or believe that further discussions regarding search and processing would facilitate a more efficient production of records of interest to American Oversight, please do not hesitate to contact American Oversight to discuss this request. American Oversight welcomes an opportunity to discuss its request with you before you undertake your search or incur search or duplication costs. By working together at the outset, American Oversight and your agency can decrease the likelihood of costly and time-consuming litigation in the future.

Where possible, please provide responsive material in an electronic format by email. Alternatively, please provide responsive material in native format or in PDF format on a USB drive. Please send any responsive material being sent by mail to American Oversight, 1030 15th Street NW, Suite B255, Washington, DC 20005. If it will accelerate release of responsive records to American Oversight, please also provide responsive material on a rolling basis.

We share a common mission to promote transparency in government. American Oversight looks forward to working with your agency on this request. If you do not understand any part of this request, please contact Dan McGrath at foia@americanoversight.org or 202.897.4213. Also, if American Oversight's request for a fee waiver is not granted in full, please contact us immediately upon making such a determination.

Sincerely,

Austin R. Evers
Executive Director
American Oversight

# EXHIBIT A



**U.S. Department of Justice**
Office of Information Policy
*441 G Street, NW*
*Sixth Floor*
*Washington, DC 20530*

*Telephone: (202) 514-3642*

December 20, 2019

Austin Evers
American Oversight
1030 15th Street, NW
Suite B255
Washington, DC 20005
FOIA@americanoversight.org

Re: DOJ-2018-006451
DOJ-2018-007115
19-cv-914 (D.D.C.)
TAZ:JMS

Dear Austin Evers:

This is an interim response to your Freedom of Information Act (FOIA) requests dated and received in this Office on July 9, 2018 and July 24, 2018, respectively, in which you requested records reflecting communications with specified external individuals and entities regarding judicial nominations. This response is made on behalf of the Offices of the Attorney General (OAG), Deputy Attorney General (ODAG), Associate Attorney General (OASG), Legislative Affairs (OLA), and Legal Policy (OLP).

By letter dated October 31, 2019, we advised you that we had completed a specified portion of our searches in response to the above-referenced requests, and that we located and processed a small amount of material that had been initially found to be responsive to those requests, and had sent that material out on consultation. Upon further review, the material located and processed is not responsive to your requests.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c) (2018). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

If you have any questions regarding this response, please contact Kevin Snell of the Department's Civil Division, Federal Programs Branch, at (202) 305-0924.

Sincerely,

Timothy Ziese
Senior Supervisory Attorney